IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RICHARD C. BYRD; WILLIE J. MASON, JR.; AENEAS L. PETTWAY, ) ) ) Plaintiffs, ) ) v. ) ) THE CITY OF SELMA, ) ) Defendant. ) | Civil Action No.: **JURY TRIAL DEMANDED** |

## COMPLAINT

COME NOW the Plaintiffs, Richard C. Byrd, Willie J. Mason, Jr., and Aeneas L. Pettway, by and through their undersigned counsel, and hereby file the instant action against Defendant, The City of Selma, pursuant to The Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201 et seq. (hereinafter "FLSA"), and for their cause of action state as follows:

## PARTIES

1.   Plaintiff, Richard C. Byrd, is over the age of nineteen (19) years and is a resident citizen of Perry County, Alabama.

2.   Plaintiff, Willie J. Mason, Jr., is over the age of nineteen (19) years and is a resident of Dallas County, Alabama.

3.   Plaintiff, Aeneas L. Pettway, is over the age of nineteen (19) years and is a resident of Wilcox County, Alabama.

1

4. Defendant, The City of Selma, is a municipal corporation organized and existing under the laws of the State of Alabama.

## JURSIDICTION AND VENUE

5. Jurisdiction over this action is conferred by 28 U.S.C. § 1331.

6. Venue in the Southern District of Alabama is proper under 28 U.S.C. § 1391(b) and (c) as Defendant does business in this district, and as the conduct giving rise to the claims occurred in this district.

## STATEMENT OF FACTS

7. This action is brought to recover unpaid overtime compensation owed to Plaintiffs as required by 29 U.S.C. § 207.

8. At all times relevant to this action, Defendant was Plaintiffs' "employer" within the meaning of 29 U.S.C. §203(d).

9. At all times relevant to this action, Defendant was an enterprise engaged in commerce or in the production of goods for commerce as defined by §203(s)(1) of the FLSA.

10. At all times relevant to this action, Plaintiffs were Defendant's "employees" as defined by §203(e)(1) of the FLSA and worked for Defendant within the territory of the United States within three (3) years preceding the filing of this lawsuit.

11. At all times material to this action, Plaintiffs were employed by the City of Selma Fire Department as Assistant Fire Marshals/Fire Investigators.

12. Defendant is the official governmental authority responsible for the organization, provision, management and operation of fire protection and suppression

within its jurisdiction.

13. The services performed by Plaintiffs as Defendant's employees are a necessary and integral part of and are directly essential to Defendant's business.

14. Defendant is and has been aware of the requirements of the FLSA and its corresponding regulations. (See Exhibits A, B, and C attached hereto) Despite said knowledge, Defendant has failed and/or refused to pay Plaintiffs mandatory overtime compensation in compliance with the FLSA.

15. Defendant has not made a good faith effort to comply with the FLSA. Instead, Defendant has intentionally failed and/or refused to pay Plaintiffs overtime compensation in accordance with the provisions of the FLSA.

16. Defendant has engaged in a pattern and practice of failing to pay Plaintiffs in accordance with § 207 of the FLSA at the required rate of time and one-half for each hour worked over 40 hours worked in a week or 80 hours worked in a bi-weekly pay period and for all on-call hours.

17. As a result of Defendant's conduct, Plaintiffs have suffered damages in the form of substantial unpaid overtime compensation.

18. Plaintiffs seek and are entitled to all unpaid overtime compensation, including on-call hours, an equal amount of liquidated damages and/or pre-judgment interest, and a reasonable attorney's fee, including the costs and expenses of this action, pursuant to 29 U.S.C. §216(b).

19. Based upon Defendant's willful and intentional conduct, Plaintiffs are entitled to a three (3) year statute of limitations.

20.     Since May 5, 2019, Plaintiff, Willie J. Mason, Jr., has been denied compensation pursuant to Defendant's Education Incentive Program, which provides employees who obtain education degrees step pay increases above his/her regular pay step. (See Exhibit D attached hereto)  Plaintiff Mason has obtained associate degrees in Arts, Science, Fire Science, and Science in General Education (See Exhibits E, F, G and H attached hereto) and a Bachelor of Science in Business Administration (See Exhibit I attached hereto), but he has been denied compensation pursuant to Defendant's Education Incentive Program.

## **COUNT ONE**
(29 U.S.C. § 207(a))

21.     Plaintiffs adopt and incorporate paragraphs 1 through 20 above as if set forth fully herein.

22.     At all times relevant to this action, Defendant has failed and/or refused to pay overtime  compensation to Plaintiffs at the statutory rate of time and one-half for all hours worked in excess of 40 hours in a week or 80 hours in a bi-weekly pay period and for all on-call hours, in direct violation of 29 U.S.C. §207(a).

23.     As a result of Defendant's conduct, Plaintiffs have suffered substantial damages in the form of unpaid overtime compensation.

24.     As a result of Defendant's violation of 29 U.S.C. §207(a), Plaintiffs seek and are entitled to be compensated for all unpaid overtime compensation, including for all on-call hours, an equal amount of liquidated damages and/or pre-judgment interest, and a reasonable attorney's fee, including the costs and expenses of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT TWO

(Violation of Education Incentive Program)

25.     Plaintiffs adopt and incorporate paragraphs 1 through 24 above as if set forth fully herein.

26.     At all times relevant to this action, Defendant has failed and/or refused to pay Plaintiff, Willie J. Mason, Jr., compensation pursuant to Defendant's Education Incentive Program.

27.     As a result of Defendant's conduct, Plaintiff, Willie J. Mason, Jr., has suffered substantial damages in the form of unpaid compensation.

28.     As a result of Defendant's violation of its own Education Incentive Program, Plaintiff, Willie J. Mason, Jr., seeks and is entitled to be compensated for all unpaid step pay increases above his regular pay since May 5, 2019.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray for the following relief:

1.     An award to all Plaintiffs of damages in the amount of all unpaid overtime compensation, including for all on-call hours, for the last three years, plus an equal amount of liquidated damages and/or pre-judgment interest;

2.     An award to Plaintiff, Willie J. Mason, Jr., for all unpaid educational incentive step pay increases since May 5, 2019, pursuant to Defendant's Education Incentive Program;

3.     An award of reasonable attorney's fees, including the costs and expenses of this action; and

4. Such other legal and equitable relief to which they may be entitled.

## JURY DEMAND

Plaintiffs demand a trial by struck jury on all issues related to this matter.

    /s/ W. Lee Gresham, III
W. Lee Gresham, III
ASB-9814-m76w
Attorney for Plaintiff

OF COUNSEL:

Heninger Garrison Davis, LLC
2224 1st Avenue North
Birmingham, AL 35203
Telephone: 205-326-3336
Facsimile: 205-326-3332

Please serve the original Complaint on Defendant by Certified Mail at the following address:

The City of Selma
c/o City Clerk
222 Broad Street
Selma, AL  36702