IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **RICHARD C. BYRD, et al.,** | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION 20-0390-WS-B |
| | ) |
| **THE CITY OF SELMA,** | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This FLSA action, recently transferred to the undersigned, is before the Court on the plaintiffs' motion for default judgment. (Doc. 11). Default was entered prior to transfer. (Doc. 9).

"The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact .... A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true." *Nishimatsu Construction Co. v. Houston National Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). To be well pleaded, factual allegations must satisfy the plausibility standard of Rule 8(b). *Surtain v. Hamlin Terrace Foundation*, 789 F.3d 1239, 1245 (11th Cir. 2015). Moreover, "a defaulted defendant … is not held to … admit conclusions of law." *Id*. (internal quotes omitted). In short, "a default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1371 n.41 (11th Cir. 1997). The plaintiffs ignore this standard, but a review of the complaint indicates it may rest on conclusions of law and on factual allegations that do not satisfy Rule 8(b).

"While well-pleaded facts in the complaint are deemed admitted, plaintiffs' allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and the character of damages." *Capitol Records v. Carmichael*, 508 F. Supp. 2d 1079, 1084 n.4 (S.D. Ala. 2007); *see also*

*Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003) ("A court [on entering default judgment] has an obligation to assure that there is a legitimate basis for any damage award it enters ...."); *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (on default judgment, "[d]amages may be awarded only if the record adequately reflects the basis for award ...."); 10A Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 2688 at 58-59 (3rd ed. 1998) ("If the court determines that [the] defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."). Thus, the mere granting of default judgment does not establish the plaintiff's entitlement to any quantum of damages.

The plaintiffs offer no evidence to prove the amount of their damages. Instead, they submit only a conclusory affidavit from counsel identifying "[t]he amount of money claimed" by each plaintiff. (Doc. 11-1 at 3).[1]

For the reasons set forth above, the plaintiffs' motion for default judgment is **denied**. Any subsequent motion for default judgment shall be accompanied by proof of service of the motion on the chief executive officer of the defendant.

DONE and ORDERED this 16th day of December, 2020.

s/ WILLIAM H. STEELE<br>
UNITED STATES DISTRICT JUDGE

---

[1] The numbers proposed are jaw-dropping: over $240,000 each for two plaintiffs, and over $480,000 for the third.