# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| **RICHARD C. BYRD, et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) CIVIL ACTION 20-0390-WS-B |
| | ) |
| **THE CITY OF SELMA,** | ) |
| | ) |
| **Defendant.** | ) |

## ORDER

The plaintiffs purported to serve the defendant by a certified mailing addressed to "The City of Selma, c/o City Clerk." (Doc. 6-1). The mailing was signed for by Tameka Austin, who is not the city clerk. (*Id*.). Before the action was transferred to the undersigned, the plaintiffs requested the clerk to enter default against the defendant, (Doc. 8), which was done. (Doc. 9). Following transfer to the undersigned, the Court denied the plaintiffs' motion for entry of default judgment, (Doc. 11), based on the plaintiffs' failure to provide any evidence regarding damages. (Doc. 13). The Court denied the plaintiffs' second motion for entry of default judgment, (Doc. 14), based on the plaintiffs' failure to properly serve the defendant. (Doc. 15 at 5). Because service was bad, the Court set aside entry of default, (*id*.), and because over six months had passed since the complaint was filed (indeed, over three months had passed before the plaintiffs sought entry of default), the complaint was exposed to dismissal under Rule 4(m). The Court found no good cause for the plaintiffs' failure to serve the defendant within the 90-day window of Rule 4(m), but in its discretion provided the plaintiffs "one final opportunity" to perfect service; the plaintiffs were ordered to file proof of proper service on the defendant no later than March 17, 2021, "failing which this action will be dismissed without prejudice and without further notice." (*Id*. at 7).

Alias summons was issued to "James Perkins, Jr. Mayor, The City of Selma." (Doc. 17). A process server delivered process to Marion Harris, identified in the return as an administrative assistant in the mayor's office. (Doc. 18).

"A … municipal corporation … must be served by … delivering a copy of the summons and of the complaint to its chief executive officer …." Fed. R. Civ. P. 4(j)(2)(A). "The term 'delivering' appears to refer to personal service." *Dyer v. Wal-Mart Stores, Inc.*, 318 Fed. Appx. 843, 844 (11th Cir. 2009). The plaintiffs, who filed only a return of service without any explanatory remarks, have failed to demonstrate that delivery to someone other than Mayor Perkins sufficed to properly serve the defendant under Rule 4(j)(2)(A).

Service on a municipal corporation under Rule 4(j) may also be accomplished by "serving a copy of [the summons and complaint] in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2)(B). Alabama law provides for service on municipalities "by serving the chief executive officer or the clerk, or other person designated by appointment or by statute to receive service of process." Ala. R. Civ. P. 4(c)(8). Proper service on Mayor Perkins would thus be proper service on the defendant.

Alabama law requires that "[t]he person serving process … deliver a copy of the process and accompanying documents to the person to be served." Ala. R. Civ. P. 4(i)(1)(C). As the Court noted in its previous order, the "person to be served" means a specific human being identified by name. (Doc. 15 at 2-3). In this case, that person is Mayor Perkins. As noted, "delivery" under federal law denotes personal service on that individual, and the plaintiffs have not attempted to show that the same term means something different under Alabama law. Nor does Rule 4(i)(1)(C) by its terms provide

for service on the person to be served by delivery to someone other than the person to be served.[1]

In short, the plaintiffs have attempted service of process on Mayor Perkins, but they have failed to file materials proving that they properly served him.  As set forth in the Court's previous order, such a demonstration was required no later than March 17, 2021, failing which this action would be dismissed without prejudice pursuant to Rule 4(m).  Three weeks after that deadline, no such proof has been submitted, and the defendant has not answered or appeared.

For the reasons set forth above, this action is **dismissed without prejudice** pursuant to Rule 4(m).

DONE and ORDERED this 7th day of April, 2021.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[1] The process server checked a box stating that Harris, an administrative assistant, is "designated by law to accept service of process on behalf of" the defendant. (Doc. 18).  That is an extremely dubious proposition but, even were it so, it would not aid the plaintiffs.  A municipality can be served by service on a person designated by law to receive service of process, Ala. R. Civ. P. 4(c)(8), but (as explained in the Court's previous order) good service would require that process have been addressed to Marion Harris by name.